## Benoliel v. Benoliel

*J. Peirce Anderson,* for plaintiffs.
*Arthur Jenkins,* for defendant.

TREDINNICK, J., May 9, 1974.—Plaintiffs in this assumpsit action do not reside within the Commonwealth of Pennsylvania. Following the filing of the complaint, defendant filed preliminary objections. Before a disposition of these objections, defendant filed an affidavit invoking Local Rule 902, seeking to compel plaintiffs to post security for costs. Plaintiffs filed a motion to strike the affidavit and discharge the rule issued thereon.

Local Rule 902 states the following, insofar as presently relevant:

"Rule 902 *Non-Residents-Security for Costs*

In cases where the plaintiff resides out of the state at the time of suit brought . . . the defendant, on filing an answer in actions in which an answer is required, and in other actions on filing of an affidavit of a just defense to the whole of plaintiff's demand, may enter a rule for security of costs."

Plaintiffs assert that security for costs may not be required until an answer is filed, since this is an assumpsit action where an answer is required. Defendant asserts that the rules of civil procedure do not "require" that an answer be filed; therefore, the affidavit mentioned in Rule 902 is the triggering event.

Under defendant's theory, the rules never "require" an answer. Such an interpretation renders that portion of the local rule meaningless. We consider the rule to refer to those actions wherein an answer is required if defendant wishes to litigate the issue and avoid judgment by default. That, of course, is this case.

Common sense supports this view. The only costs which a defendant may assess upon a plaintiff are those which he may properly incorporate within a bill of costs after a trial which concludes in his favor. Except for the statutory attorney's fee, they will include only costs incurred at trial. Until a defendant files an answer, it cannot be said with certainty that a trial will occur. Hence, the rule very properly provides that prior to the filing of an answer, in those cases where an answer must precede a trial, proceedings to compel an out-of-State plaintiff to post security for costs are premature.

## ORDER

And now, May 9, 1974, the rule entered upon plaintiffs to show cause why security for costs should not be posted is discharged.